UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:16-cv-492-Oc-30PRL

**PNC BANK, NATIONAL ASSOCIATION,** successor to RBC BANK (USA), which was the successor to FLORIDA CHOICE BANK,

    Plaintiff,

v.

**LAKE MECHANICAL CONTRACTORS, INC.**, a Florida corporation, **JOHN B. SMITH**, an individual, and **EVELYN H. SMITH**, an individual,

    Defendants.
_____/

## CONSENT FINAL JUDGMENT

This matter came before the Court upon Plaintiff, PNC Bank, N.A. ("PNC") and Defendants John and Evelyn Smith's Joint Stipulation for Immediate Entry of Consent Final Judgment (the "Stipulation") (Doc. 12).

After this Court's review of the pleadings and the Stipulation, and being duly advised, it is hereby **ORDERED AND ADJUDGED** that:

1.    Plaintiff is due from Defendants John Smith ("J. Smith") and Evelyn Smith ("E. Smith"), jointly and severally on Counts III and IV of the Complaint[1] for breach of their respective guaranties, the following monetary amounts:

---

[1] Defendant Lake Mechanical Contractors, Inc. and Counts I and II of the Complaint were voluntarily dismissed by PNC on September 7, 2016 (Doc. 8).

|  |  |
|---|---|
| Principal | $514,923.88 |
| Accrued interest through 12/9/16 | $27,448.99 |
| (increasing at a *per diem* rate of $78.67 until date of judgment) | |
| Late Charges | $800.00 |
| Attorneys' Fees | $47,525.00 |
| Costs | $857.92 |
| **Total** | **$591,555.79** |

which total amount, pursuant to 28 U.S.C. § 1961, shall bear interest at the rate of _____ percent[2] from the date of this judgment until satisfied.

2. Plaintiff is a citizen of Delaware. Defendants J. Smith and E. Smith are citizens of Florida. All Defendants were properly served with service of process in this action.

3. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because Defendants are citizens of Florida, whereas, Plaintiff, PNC is a citizen of Delaware.

4. Pursuant to the guaranty agreements at issue in this action and described in and attached to the Complaint, PNC is entitled to recover from Defendants J. Smith and E. Smith its reasonable attorneys' fees and costs incurred in relation to their respective breaches of the guaranty agreements. The Court finds that the amounts of attorneys' fees and costs described in paragraph 1 were appropriate, reasonably necessary and agreed to by PNC and J. Smith and E. Smith.

---

[2] Because this rate is not constant and is dependent upon the date on which the Court enters final judgment, this rate is left blank.

5.	The true and correct physical address of Plaintiff PNC Bank, N.A. is 222 Delaware Avenue, Wilmington, DE 19801.

6.	The true and correct physical address of Defendants J. Smith and E. Smith is 812 Jefferies Ct., Eustis, FL 32726.

7.	For all sums due and owing hereunder let execution issue forthwith.

8.	The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, at Tampa, Florida on December 12, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record